J-S45027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| OMAR REEVE | |
| Appellant | No. 2712 EDA 2016 |

Appeal from the PCRA Order July 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011166-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.               **FILED AUGUST 31, 2017**

In this timely *pro se*[1] collateral appeal, Appellant raises eight claims. Two of the claims, **see** Appellant's Brief, at 3 (issues number six and eight), allege allegations of *trial* court error. We find these claims waived as they could have been raised on direct appeal. **See Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*); 42 Pa.C.S.A. §§ 9543(a)(3) and 9545(b). The six other claims concern allegations of the ineffective assistance of counsel.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appointed PCRA counsel withdrew below. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's first such allegation, *see* Appellant's Brief, at 3 (issue number one), is that trial counsel and appellate counsel failed to challenge the mandatory minimum sentence the trial court imposed. There is a good reason counsel never made any such challenge—the trial court did not impose a mandatory minimum sentence in this case.[2]

The remaining five ineffective assistance claims concern matters during the trial. *See* Appellant's Brief, at 3 (issues number two through five and seven). There is a glaring problem with our ability to review these issues—the trial transcripts are not in the certified record.

It is an appellant's responsibility to ensure that the certified record contains all the items necessary to review his claims. *See*, *e.g.*, *Commonwealth v. Tucker*, 143 A.3d 955, 963 n.3 (Pa. Super. 2016). The Rules of Appellate Procedure mandate this. *See* Pa.R.A.P. 1911(a) ("An "appellant *shall* request any transcript required under" the Rules of Appellate Procedure.") (emphasis supplied). And Rule 1911 provides a suggested form for an appellant to use. *See id*., at (c).

Furthermore, the Court of Common Pleas of Philadelphia County has issued a local rule of judicial administration that provides that an appellant must request a transcript using a "Transcript Order Form." *See* Phila. County

---

[2] Interestingly, in six pages of argument, *see* Appellant's Brief, at 11-16, Appellant fails to specifically identify the alleged mandatory minimum sentence he contends the court imposed. Instead, he only identifies his aggregate sentence of 12½ to 15 years. *See id*., at 12.

L.R. 5000.5(a). When a litigant is requesting the transcript for the purpose of an appeal, the form must be filed with the trial court as well as with the Prothonotary of the appropriate appellate court. *See id*., at (c)(1),(2)(i, x).

Regarding missing transcripts, this Court has stated that it "is not proper for … the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). And "any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." ***Id***. (citation omitted). ***See also Commonwealth v. Petroll***, 696 A.2d 817, 836 (Pa. Super. 1997) ("When a claim is dependent on materials not provided in the certified record, that claim is considered waived.")

There is no indication in the certified record that Appellant made any effort to comply with Rule 1911 or the requirements imposed by the local rule. Accordingly, we find Appellant's issues waived.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017